Bryan Boender, OSB #122823
Boender & Payment, Attorneys
800 Willamette St, Ste 700
Eugene, OR 97401
Tel:  541-685-1288
Fax: 541-653-8224
E-mail: bryan@oregonattys.com
Attorney for Defendant Jeremy Lee Peterson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  6:22-CR-00097-MC |
| Plaintiff, | ) ) ) | **DEFENDANT JEREMY PETERSON'S SENTENCING MEMORANDUM** |
| vs. | ) ) | |
| JEREMY LEE PETERSON, | ) ) | |
| Defendants. | ) ) | |

COMES NOW Defendant Jeremy Lee Peterson by and through his attorney of record and respectfully submits this Sentencing Memorandum for the Court's consideration at the hearing currently set for July 10, 2024 at 1:00 p.m. Pursuant to his guilty plea, Mr. Peterson stands before this Court convicted of one count of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e). Mr. Peterson accepts full responsibility and requests the statutory minimum sentence of fifteen years imprisonment.

I.     **INTRODUCTION**

Defendant Jeremy Peterson pleaded guilty to one count Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e). Mr. Peterson admitted to the factual basis as set forth

PAGE 1– **DEFENDANT JEREMY PETERSON'S SENTENCING MEMORANDUM**

in the Plea Agreement, Plea Petition, and Presentence Report. Mr. Peterson requests the court impose the statutory minimum fifteen years imprisonment.

### A. Personal History

Mr. Peterson's personal history is accurately described in the Presentence Report. The following narrative is offered only to highlight information that is already available to the Court. Mr. Peterson was born in Fort Smith, Arkansas in 1979. Mr. Peterson never knew his biological father and his parents were not married. His birth mother abandoned him when he was five years old. He was raised in a strict religious home and attended religious schooling. Mr. Peterson endured a number of adverse childhood experiences, including physical and sexual abuse. As a young adult, Mr. Peterson struggled with substance abuse issues. He has had three heart attacks, one of which was drug induced. Mr. Peterson suffered a traumatic brain injury due to a car accident. He has attempted suicide on two occasions. He also suffers from asthma and a seizure disorder.

### B. Offense Conduct and Personal Accountability

Mr. Peterson's offense conduct is accurately described in the PSR. He has fully accepted responsibility for his offense conduct and does not dispute the facts presented by the government.

## II. PLEA AGREEMENT & ADVISORY GUIDELINES

### A. The Plea Agreement

Mr. Peterson pleaded guilty to Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e). A conviction carries a mandatory minimum fifteen years imprisonment and a statutory maximum thirty years imprisonment. The maximum fine is $250,000.00. The term of supervised release ranges from five years to life. Pursuant to the Plea Agreement, the government is requesting the statutory maximum thirty years imprisonment, and Mr. Peterson is requesting the statutory minimum fifteen years imprisonment. He has also agreed to forfeit his Samsung Galaxy

S21 phone. Additionally, the government has agreed not to bring additional charges in the Western District of Oklahoma arising out of its investigation.

### B. The Advisory Guidelines

The parties agree that Mr. Peterson's advisory guidelines are calculated as follows:

| | | |
|---|---|---|
| Base Offense Level | [USSG § 2G2.1(a)] | 32 |
| Sexual Act | [§ 2G2.1(a)(2)(A)] | +2 |
| Minor Under Twelve | [§ 2G2.1(b)(1)(A) | +4 |
| Abuse of Relative | [§ 2G2.1(b)(5)] | +2 |
| Sadistic or Masochistic | [§ 2G2.1(b)(4)(A)] | +4 |
| Pattern of Activity | [§ 4B1.5(b)(1)] | +5 |
| Total Offense Level | | 46 |
| Acceptance of Responsibility | [§ 3E1.1(b)] | -3 |
| Adjusted Offense Level | | 43 |
| | | |
| Criminal History Category | | I |
| Advisory Guidelines Range | | Life |

### C. Supervised Release

The Court may impose a term of supervised release from between five years to life. 18 U.S.C. § 3583(k). The parties have no agreement on the term of supervised release.

### D. Restitution

Mr. Peterson agrees with the government that the issue of restitution should be bifurcated from sentencing because the parties are awaiting additional information concerning this issue.

### III.   LEGAL ARGUMENT

Under 18 US.C. § 3553(a), sentences must be "sufficient, *but not greater than necessary*" to achieve the basic goals of deterrence, community safety, just punishment, and rehabilitation. (emphasis added). To arrive at such a sentence, district courts are directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the need for the sentence imposed to provide just punishment, deterrence, community protection, and

needed educational and vocational training; (3) the kinds of sentences available; (4) the Guidelines-range and any pertinent policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution. 18 US.C. § 3553(a).

It is well established that the Sentencing Guidelines are merely advisory. *United States v. Booker,* 543 U.S. 220 (2005). The Guidelines are not to be given "more or less weight than any other" of the § 3553 factors. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). "The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be presumed reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (emphasis in original); *see also Gall v. United States*, 552 U.S. 38, 50 (2007) (the sentencing court "may not presume that the Guidelines range is reasonable," but instead "must make an individualized assessment based on the facts presented").

Sentencing courts have wide latitude to impose sentences below the Guidelines range, "perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *See Rita v. United States*, 551 U.S. 338, 351 (2007).

Likewise, the Courts must impose sentences that provide defendants with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). In Mr. Peterson's case, fifteen years' imprisonment is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. Therefore, Mr. Peterson requests a variance outside the sentencing guidelines range pursuant to 18 U.S.C. § 3553(a).

## CONCLUSION

For all the above reasons, Mr. Peterson asks the Court to exercise its discretion to impose the lease restrictive sentence as possible that serves the purpose of 18 U.S.C. § 3553(a). Fifteen years imprisonment should serve that purpose.

Respectfully submitted July 3, 2024.

By:       */s/ Bryan Boender*
        Bryan Boender, OSB No. 122823
        bryan@oregonattys.com
        Attorney for Defendant Jeremy Lee Peterson